UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD P. HODGE,**

   **Plaintiff,**

  v.

**COMMISSIONER OF**
**SOCIAL SECURITY,**

   **Defendant.**

Case No. 2:14-cv-1771
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

  This matter is before the Court for consideration of the Magistrate Judge's January 22, 2016 Report and Recommendation ("R&R"), (ECF No. 17), and Plaintiff's objection thereto (ECF No. 18). In the R&R, the Magistrate Judge considered the administrative record (ECF No. 9), Plaintiff's statement of specific errors (ECF No. 10), the Commissioner of Social Security's ("Commissioner") response in opposition (ECF No. 15), and Plaintiff's reply memorandum (ECF No. 16). The Magistrate Judge recommended that the Court overrule Plaintiff's statement of specific errors and affirm the Commissioner's decision to deny benefits. Plaintiff objects to the Magistrate Judge's recommendation.

**I.**

  The facts of this case are set forth in detail in the R&R. Facts relevant to this Opinion and order are summarized below.

  Plaintiff filed for social security disability benefits on May 18, 2011 and alleged that he could not work due to chronic back pain, limited reading comprehension skills, and a depressive

disorder, among other things.  The Administrative Law Judge ("ALJ") assigned to Plaintiff's case found that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act") and denied benefits.  The Commissioner adopted that decision when the appeals council denied review.

Plaintiff filed this case seeking judicial review of the Commissioner's decision.  In his statement of specific errors, Plaintiff alleged that the ALJ erred in two ways: (1) by failing to properly evaluate whether Plaintiff's impairments satisfied Section 12.05 of the Listing of Impairments, and (2) by mischaracterizing and misinterpreting the opinion of the consultative medical examiner.

Regarding the first assignment of error, the Magistrate Judge set forth the elements of a claim for benefits under Section 12.05 of the Listing of Impairments.  That is:

> Section 12.05(C) of the Listing of Impairments provides that a claimant is presumptively disabled if (1) the claimant scores between 60 and 70 on a valid IQ test, (2) has another significantly limiting impairment, and (3) meets certain diagnostic criteria for mental retardation, particularly the manifestation of deficits in adaptive functioning prior to age 22.
>
> . . .
>
> Section 12.05(B) . . . is similar to section 12.05(C) but requires only a qualifying IQ score of 59 or less, together with the same need to show deficits in adaptive functioning manifesting themselves prior to age 22.

(ECF No. 17, at PAGEID # 510.)  The Magistrate Judge agreed with Plaintiff that the ALJ misstated the record and applied the wrong legal standard with respect to Plaintiff's IQ scores.  The Magistrate Judge found, however, that substantial evidence supported the ALJ's decision that Plaintiff did not have deficits in adaptive functioning.  The Magistrate Judge concluded that any error with respect to the IQ scores was harmless.

2

Plaintiff objects to that conclusion. In support of his objection, Plaintiff asserts that substantial evidence supports the opposite conclusion—that Plaintiff had adaptive functioning deficits during the developmental period. Plaintiff does not identify any specific way in which the Magistrate Judge erred but instead asserts that, "[b]ecause the ALJ decision does not reflect that reality . . . notwithstanding the conclusions of the [R&R], that decision should be reversed." (ECF No. 18, at PAGEID # 520.) Plaintiff adds that the ALJ "relied upon the interjection of an erroneous legal standard," (*id*.), but does not explain how that argument applies to the Magistrate Judge's finding regarding the adaptive functioning prong of section 12.05.

Regarding Plaintiff's second assignment of error, the Magistrate Judge found that substantial evidence supports the ALJ's finding that the evidence did not justify postural limitations in the residual functioning capacity determination. The Magistrate Judge acknowledged that the ALJ did not explicitly resolve the "fairly minor conflict in the evidence" in that the consultative examiner's findings could support a postural limitation, (ECF No. 17, at PAGEID # 515), but found the error to be harmless.

Plaintiff objects to this conclusion on the ground that the ALJ did not just ignore the consultative examiner's opinion; to the contrary, he mischaracterized it as being "consistent" with the non-examining state agency opinions. Plaintiff again does not address the Magistrate Judge's conclusions on this point or specifically explain how he believes the Magistrate Judge erred.

**II.**

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court must apply that standard consistently with the standard of review in social security cases, which the Magistrate Judge correctly set forth in the R&R:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla.' " *Id*. *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must " 'take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

(ECF No. 17, at PAGEID # 509–10.)

The Court notes that Sixth Circuit precedent, the language of Federal Rule of Civil Procedure 72(b), and general concerns of judicial economy require it to consider only those specific portions of the R&R to which Plaintiff objects.  Stated differently, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, Plaintiff fails to identify any specific portion of the R&R to which he objects. Plaintiff instead addresses the ALJ's opinion directly and attempts to incorporate the arguments he made in his statement of specific errors and reply memorandum in support of that statement. *See* ECF No. 18, at PAGEID # 519.  That action is equivalent to making a general statement that the Magistrate Judge erred by failing to accept Plaintiff's arguments, which essentially asks the Magistrate Judge and the District Judge to perform identical tasks.  The *Howard* court explicitly counseled against that course of action.  932 F.2d at 509.  As such, Plaintiff's objections in this case "have the same effects as would a failure to object." *Id*.

Plaintiff's objections fail for additional reasons.  Regarding the first assignment of error, Plaintiff's argument that the ALJ applied an erroneous legal standard regarding the IQ scores fails because it does not address the Magistrate Judge's ultimate conclusion that any error with respect to IQ scores was harmless.  Plaintiff's argument that substantial evidence supports the conclusion that he had deficits in adaptive functioning likewise fails: regardless of whether Plaintiff's position is correct, remand is not warranted unless the Court finds that substantial evidence does not support the ALJ's conclusion.  *See Kinsella*, 708 F.2d at 1059.  Plaintiff does not identify any defects in the evidence the Magistrate Judge cited in support of the ALJ's decision.  The Court accordingly finds no reversible error in this regard.

Regarding the second assignment of error, the Magistrate Judge examined the consultative examiner's report and findings with respect to a postural limitation.  The Magistrate Judge similarly examined the ALJ's statement that the consultative examiner's opinion was consistent with other opinions in the record.  Noting that "there are some differences between [the consultative examiner's] opinion and the opinions of the state agency reviewers," (ECF No.

17, at PAGEID # 515), the Magistrate Judge concluded that the record as a whole supported the ALJ's conclusion that the evidence did not justify including a postural limitation in the residual functional capacity determination. The Magistrate Judge then found that the ALJ's failure to address the differences between the consultative examiner's opinion and the other opinions in the record was harmless error.

The Court finds no reason to modify or set aside the Magistrate Judge's conclusions on this point. Plaintiff's objection merely restates the argument he made to the Magistrate Judge; namely, that the consultative examiner identified a postural restriction. Plaintiff does not address the other evidence in the record that the Magistrate Judge found to support the ALJ's conclusion, including the consultative examiner's own treatment notes. Plaintiff's argument that the "ALJ claimed a false consistency to puff up his own RFC finding," (ECF No. 18, at PAGEID # 521) is without consequence if, as the Magistrate Judge concluded, substantial evidence in the record as a whole supports the RFC finding. Plaintiff does not address that evidence or identify any error in the Magistrate Judge's reasoning on this issue.

### III.

For the foregoing reasons, the Court **ADOPTS AND AFFIRMS** the R&R (ECF No. 17), **OVERRULES** Plaintiff's statement of specific errors (ECF No. 18), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**